UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

A & B MART & SERVICE, INC.              Case No.: 15-70118-ast
BOHEMIA DEVELOPMENT CORP.               Case No.: 15-70119-ast
CENTEREACH DEVELOPMENT CORP.            Case No.: 15-70120-ast
CORAM ASSOCIATES CORP.                  Case No.: 15-70121-ast
HAUPPAUGE DEVELOPMENT CORP.             Case No.: 15-70122-ast
NORTHPORT ENTERPRISES INC.              Case No.: 15-70123-ast
VALLEY STREAM ENTERPRISES INC.          Case No.: 15-70124-ast

                    Debtors.            (Jointly Administered)
------------------------------------------------------------X

## ORDER APPROVING SALES OF SUBSTANTIALLY ALL OF CERTAIN DEBTORS' ASSETS

UPON the motion ("Motion")[1] [Docket No. 30], dated March 25, 2015 of Robert L. Pryor, Esq., the Chapter 7 Trustee (the "Trustee") of A&B Mart & Service, Inc., Bohemia Development Corp., Centereach Development Corp., Coram Associates Corp., Hauppauge Development Corp., Northport Enterprises Inc., and Valley Stream Enterprises Inc. (collectively, the "Debtors") seeking entry of an order of this Court, inter alia, authorizing and approving the sale of substantially all the Debtors' assets including certain franchise and lease agreements (the "Assets") free and clear of all liens, claims and encumbrances, and to assume and assign various franchise and lease agreements (collectively, the "Agreements") with Cumberland Farms, Inc. and its subsidiary, Gulf Oil Limited Partnership (collectively, "Gulf"); and the Court having entered an order (the "Sale Order") dated April 3, 2015: (i) authorizing Trustee to conduct an auction of substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 105, 363(a) and (b) and 365 and Federal Rules of Bankruptcy Procedure Rules 2002, 6004 and 6006; (ii) approving

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

bidding procedures and related procedures; (iii) establishing a procedure for fixing cure amounts with respect to the Debtors' lease and franchise agreements; and (iv) waiving the requirements of Rule 6004(a) to the Federal Rules of Bankruptcy Procedure with respect to the sale of the Debtors' assets [Docket No. 38]; and, in accordance with the Sale Order and approved Bidding Procedures, the Trustee conducted public auctions on May 8, 2015 (each an "Auction" and collectively, the "Auctions") which were attended by the Trustee, Gulf, NYCX, and the bidders who had been qualified prior to attending the Auctions to place bids on substantially all of each of the Debtors' Assets, which Auctions resulted in successful bidders (each, a "Successful Bidder") for five of the seven Debtors' Assets as set forth in **Exhibit A**; and the Broker retained by order of this Court [Docket No. 36] who conducted the marketing and sale process, including conducting the Auctions, having filed an affidavit in support of approval of the Auction sales dated June 1, 2015 [Docket No. 50]; and the Court having conducted a hearing on June 3, 2015 (the "Sale Hearing") to confirm the results of the Auction sales whereat the Court stated its findings of fact and conclusions of law on the record at the conclusion of the Sale Hearing in accordance with Bankruptcy Rule 7052, including finding that each of the Auction sales were in the best interest of the respective Debtors' estates, and represents the highest and best value available for the assets to be sold after a fair and open bidding process; and this Court having determined that it has jurisdiction over the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective _nunc pro tunc_ as of June 23, 2011; and it appearing that sufficient cause exists to grant the motion and approve the results of the Auctions; and it appearing that notice of the Motion and the Auctions was proper and sufficient, and no further notice for the Motion, the Auctions, or the Sales Hearing being necessary or required, and good and

sufficient cause having been shown; it is hereby

**ORDERED**, that the results of the Auctions are approved and the Motion is granted as set forth herein; and it is further

**ORDERED**, that subject to the terms of this order, the Trustee is authorized to sell substantially all of the Assets of the Debtors including various agreements with Cumberland Farms, Inc. ("Cumberland") and its subsidiary, Gulf and/or ExxonMobil Oil Corporation ("Mobil") including: (1) Dealer Contract of Sale, with related agreements (collectively, the "Dealer Contracts"); (2) PMPA Franchise Agreement and related agreements (collectively, "PMPA Agreement") and (3) Retail Motor Fuel Outlet Lease, which is a lease of the premises at which each of the Debtors operated the gas stations (the "Lease and, collectively with the Dealer Contracts and PMPA Agreement, the "Franchise Agreements"), free and clear of all liens, claims and encumbrances with those liens, claims and encumbrances to attach to the net proceeds of the sale in the same priority and validity as existed as of the Petition Date, after the payment of certain expenses including, but not limited to, any Cure Amount and Broker commissions and subject to Stipulation between the Trustee and NYCX [Docket No. 26] ; and it is further

**ORDERED**, that the Trustee is authorized to assume and assign the Leases and Franchise Agreements, for each Debtor sold at Auction to the Successful Bidders, or Backup Bidders if required; and it is further

**ORDERED**, that the Trustee is authorized to close the sales to the Successful Bidders within fourteen (14) days of the entry of this order, or, in his sole discretion within that time , the Trustee, may refuse to close the sales if it is determined that consummation of the sales would not be in the best interest of the Debtors' estates; and it is further

**ORDERED**, that the time to close set forth in the foregoing paragraph may be extended by

Case 8-15-70120-ast    Doc 23    Filed 06/05/15    Entered 06/08/15 10:16:26

request of the Trustee to the Court on notice to Gulf and NYCX; and it is further

**ORDERED**, that if a Successful Bidder is unable to close for any reason, or defaults in any way, the Trustee is authorized to sell substantially all of the Assets of such Debtor(s) to the Backup Bidder, if such Backup Bidder exists, as set forth on **Exhibit A**, free and clear of all liens, claims and encumbrances with those liens, claims and encumbrances to attach to the net proceeds of the sale in the same priority and validity as existed as of the Petition Date, after the payment of certain expenses including, but not limited to, any Cure Amount and Broker commissions, and the Successful Bidder shall forfeit the contract deposit as liquidated damages; and it is further

**ORDERED**, that the Trustee is authorized to do such things, execute such documents, and expend such funds as may be necessary to consummate the sale or otherwise effectuate the terms and conditions of this order.



Dated: June 5, 2015
Central Islip, New York

_____
Alan S. Trust
United States Bankruptcy Judge

**EXHIBIT "A"**

A B Mart Service, Inc.
Auction Results

| Debtor | Subject Address | Subject City | Bidder | Bid Amount | Required Deposit Amount (10%) | High Bid |
|---|---|---|---|---|---|---|
| Valley Stream Enterprises Inc | 270 Sunrise Hwy | Valley Stream | Kevin Luong | $ 340,000 | $ 34,000 | $ 340,000 |
| | | | Rahul Nabe | $ 335,000 | $ 33,500 | |
| Coram Associates Corp | 1889 Route 112 | Coram | Sukra Akkaya | $ 280,000 | $ 28,000 | $ 280,000 |
| | | | Kevin Luong | $ 225,000 | $ 22,500 | |
| Bohemia Development Corp | 4909 Sunrise Hwy | Bohemia | Ghulam Doora | $ 100,000 | $ 10,000 | $ 100,000 |
| | | | Sudheer Kumar | $ 40,000 | $ 4,000 | |
| Northport Enterprises Inc | 450 Larkfield Rd | East Northport | Khalid Toppa | $ 100,000 | $ 10,000 | $ 100,000 |
| Hauppauge Development Corp | 360 Wheeler Rd | Hauppauge | None | $ - | $ - | $ |
| Centereach Development Corp | 2033 Middle Country Rd | Centereach | Khalid Toppa | $ 150,000 | $ 15,000 | $ 150,000 |
| A&B Mart & Service Inc | 770 Montauk Hwy | East Patchogue | None | $ - | $ - | $ |
| | | | | | | $ 970,000 |